UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                    :
KEVIN RA,                                           :
                                                    :          CASE NO. 15-CV-2416
                        Plaintiff,                  :
                                                    :
        vs.                                         :          OPINION & ORDER
                                                    :          [Resolving Doc. 23]
ORANGE VILLAGE, et al.,                             :
                                                    :
                        Defendants.                 :
                                                    :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Kevin Ra brings claims under 42 U.S.C. § 1983 for Defendants Orange Village and building inspector Thomas Shields' alleged violations of Plaintiffs due process and equal protection rights.[1] Defendants move to dismiss for lack of standing, failure to state a claim, and failure to prosecute.[2] For the following reasons, this Court **GRANTS** Defendants' motion.

## I. Background

From 2007 to 2015, Plaintiff Ra lived in an Orange Village home.[3] Orange Village believed that Plaintiff's home had several housing code violations. On July 13, 2015, Defendant Shields tried to mail a housing code violation notice letter to Plaintiff Ra.[4] However, the address was incorrect and the letter came back undelivered.

In September 2015, Shields re-sent the letter to Ra's home and business addresses.[5] The business address letter came back undelivered but the home address letter did not.

---

[1] Doc. 1-1.
[2] Doc. 23.
[3] In 2007 and 2013, Plaintiff transferred ownership of the Orange Village home between himself and his limited liability company, named SOHO. For purposes of clarity, this Court treats SOHO and Ra as the same.
[4] The letter told Ra to correct the alleged violations by August 15, 2015, or appeal the violations to the Orange Village mayor by July 22, 2015. Doc. 23-2.
[5] The September 2015 letter did not change the original July and August 2015 deadlines listed on the July 13, 2015 letter. It was therefore impossible for Ra to comply with the deadlines kept in the September 2015 letter.

Case No. 15-cv-2416
Gwin, J.

On October 12, 2015, Shields, accompanied by an Orange Village police officer, hand-delivered a new housing code violation notice to Plaintiff Ra. Defendants say that this notice gave Ra the opportunity to appeal or correct the violations.

On October 17, 2015, Defendant Shields put another violation notice on one of the doors to Ra's house. Defendants did not take any other action on the alleged code violations. Defendants never prosecuted, arrested, or fined Plaintiff.

At the end of 2015, Plaintiff's home went into foreclosure. In January 2016, a mortgage company bought the home at a sheriff's sale.

**Procedural History**

On October 23, 2015, shortly after Shields posted the last notice, Plaintiff Ra filed his complaint in common pleas court. On November 24, 2015, Defendants removed this case to this Court.

On June 27, 2016, Defendants moved for judgment on the pleadings. Plaintiff did not file a response before the July 11, 2016 deadline.

## II. Legal Standard

On a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the Court employs the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6)[6]  Thus, "'[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.'"[7]

---

[6] See *Tucker v. Middleburg–Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008).
[7] *Id.*

-2-

Case No. 15-cv-2416
Gwin, J.

## III. Discussion

With its motion, Defendants say that this Court should dismiss Plaintiff's complaint because Ra (1) lacks standing to sue due to lack of concrete harm, (2) fails to state a claim for due process or equal protection violations, and (3) failed to adequately prosecute this case.

### A. Standing

To litigate a claim in federal court, a plaintiff must meet Article III standing.  A plaintiff must demonstrate that he has suffered an injury in fact which is concrete and particularized; there must be a causal connection between the injury and the conduct complained of; and it must be likely, as opposed to merely speculative that the injury will be redressed by a favorable decision.[8]

In this case, Plaintiff Ra fails to allege a concrete and particularized injury resulting for any of Defendants' actions. Plaintiff did not suffer any consequences of the alleged housing code violations. Defendants never arrested, fined, or prosecuted Plaintiff. Plaintiff never fixed the alleged violations. Plaintiff never experienced an economic or other kind of loss as a result of Defendants' delivering the housing code violation notices.

Furthermore, Plaintiff no longer owns the Orange Village house due to the 2015 foreclosure and January 2016 sheriff's sale. Any future housing code enforcement would go against the current house owner, not against Plaintiff.

Plaintiff did not suffer an injury and is not at risk of future injury due to the house's title transfer. Plaintiff therefore lacks standing under *Lujan*.

---

[8] *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

Case No. 15-cv-2416
Gwin, J.

### B. Failure to State a Claim

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9] The plausibility requirement is not "akin to a probability requirement," but requires "more than a sheer possibility that the defendant has acted unlawfully."[10]

#### 1. § 1983 Claim for Due Process Violations

Plaintiff Ra claims that Defendants' conduct violated his due process rights. To make out a due process violation claim, Plaintiff Ra must allege

> (1) that [he] had a life, liberty, or property interest protected by the Due Process Clause of the Fourteenth Amendment[11]; (2) that [he] was deprived of that protected interest within the meaning of the due process clause; and (3) that the state did not afford [him] adequate procedural rights before depriving [him] of [his] protected interest.[12]

Even if Plaintiff Ra had a protectable interest, Ra does not allege any deprivation by Defendants. Defendants' actions, mailing and delivering housing code violation notices, did not deprive Ra of any protectable interest. Plaintiff does not make out a due process claim.[13]

#### 2. § 1983 Claim for Equal Protection Violations

Count two of Plaintiff's complaint is styled as a § 1983 equal protection claim.

> The Equal Protection Clause prohibits a state from denying to any person within its jurisdiction the equal protection of the laws. The Clause embodies the principle that all persons similarly situated should be treated alike. Fundamentally, the Clause protects against invidious discrimination among similarly-situated individuals or implicating fundamental rights. The threshold element of an equal

---

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[10] *Id.*

[11] Plaintiff says that Defendants violated his Fifth Amendment due process rights, not his Fourteenth Amendment rights. However, this Court construes Plaintiff's *pro se* complaint as alleging Fourteenth Amendment due process violations.

[12] *Wedgewood Ltd. P'ship I v. Twp. Of Liberty, Ohio*, 610 F.3d 340, 349 (6th Cir. 2010) (citing *Med. Corp., Inc. v. City of Lima*, 296 F.3d 404, 409 (6th Cir. 2002)).

[13] Because there was no deprivation, this Court does not reach the question of whether Defendants provided Plaintiff adequate notice and hearing.

-4-

Case No. 15-cv-2416
Gwin, J.

protection claim is disparate treatment; once disparate treatment is shown, the
equal protection analysis to be applied is determined by the classification used by
government decision-makers.[14]

Plaintiff's complaint nowhere alleges that Defendants gave Plaintiff disparate treatment.

Plaintiff's complaint is therefore deficient on its face with respect to equal protection allegations.

Because this Court finds that Defendants are entitled to dismissal on the pleadings, this

Court does not address whether Defendants are entitled to dismissal for Plaintiff's alleged failure

to prosecute the case.

### IV. Conclusion

For the reasons above, this Court **GRANTS** Defendants' motion for judgment on the

pleadings and **DISMISSES** Plaintiff's complaint.


IT IS SO ORDERED.


Dated:  July 12, 2016                                    _s/          James S. Gwin_
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE

---

[14] *Scarbrough v. Morgan Cty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006) (citing U.S. CONST. Am. XIV, § 1;
*City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)) (internal quotation marks omitted).